PHILLIP A. TALBERT
Assistant United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:16-MC-00095-KJM-EFB |
| Plaintiff, | CONSENT JUDGMENT OF FORFEITURE |
| v. | |
| APPROXIMATELY $9,110.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On January 27, 2015, the Drug Enforcement Administration ("DEA") executed a federal search warrant at 8299 Gwinhurst Circle, Sacramento, California.  Approximately $9,110.00 in U.S. Currency ("defendant currency") was seized from Clifford McDowell, III ("McDowell" or claimant) during the encounter.

2. The DEA commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about March 30, 2015, the DEA received a claim from Khanajee Lee ("Lee" or claimant) asserting an ownership interest in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that between May 2, 2014, and January 27, 2015, McDowell and Lee participated in a drug trafficking conspiracy with Jessie Terrell Wright ("Wright") and others in Sacramento County, California.  As part of this

1

conspiracy, McDowell sold methamphetamine directly to methamphetamine users and supplied larger quantities of methamphetamine to sub-distributors for later sale. During this time period, McDowell and his co-conspirators distributed at least 500 grams of a mixture and substance containing methamphetamine.

4. The United States represents that it could further show at a forfeiture trial that on July 23, 2014, Wright sold one pound of methamphetamine to a confidential informant working for the DEA. McDowell supplied the one pound of methamphetamine to Wright, and McDowell and Wright split the proceeds from the sale. McDowell entered into an agreement with Wright and others to distribute methamphetamine, knowing that the distribution of methamphetamine was unlawful.

5. The United States could further show at a forfeiture trial that a drug detection dog was used during the search of McDowell and Lee's home and the dog alerted to the presence of drugs on the pile of clothes where the defendant currency was found. Also found in the locked bedroom where the defendant currency was located was a digital scale, packaging material, and indicia in McDowell's name. McDowell stated that he was the only person with access to the locked bedroom and that the defendant currency was his. Both McDowell and Lee were unemployed at the time of the seizure of the defendant currency.

6. An Indictment was filed on February 5, 2015, in *United States v. Clifford Abram McDowell III, et al.*, 2:15-CR-00035-TLN, charging McDowell with violations of 21 U.S.C. §§ 846 and 841(a)(1) - Conspiracy to Distribute Methamphetamine and 21 U.S.C. § 841(a)(1) - Distribution of Methamphetamine, among other drug violations, and one violation of 18 U.S.C. § 922(g) - Felon in Possession of a Firearm. The Indictment also contained a forfeiture allegation. On June 24, 2015, a Bill of Particulars for Forfeiture of Property was filed that included the defendant currency.

7. An Information was filed on January 12, 2016, in *United States v. Khanajee Lee*, 2:16-CR-00006-JAM, charging Lee with a violation of 21 U.S.C. §§ 846 and 841(a)(1) - Conspiracy to Distribute Methamphetamine.

8. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

/////

9. Without admitting the truth of the factual assertions contained in the stipulation, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimants agree that an adequate factual basis exists to support forfeiture of the defendant currency. Clifford McDowell, III and Khanajee Lee hereby acknowledge that they are the sole owners of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

10. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

11. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

12. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, $6,110.00 of the Approximately $9,110.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $3,000.00 of the Approximately $9,110.00 in U.S. Currency shall be returned to claimant Khanajee Lee through her attorney Candace A. Fry.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and

final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Claimants waived the provisions of California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED

DATED:  May 18, 2016

_____
UNITED STATES DISTRICT JUDGE